UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| BARBARA BYERS, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:09-cv-1579-TAB-JMS |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Defendant. | ) | |

**ENTRY ON JUDICIAL REVIEW**

**I.     Introduction**

Barbara Byers appeals from the Social Security Administration's partially unfavorable disability determination. Because the administrative law judge did not explain his evaluation of all relevant medical evidence—particularly the highly relevant records of Byers's primary care physician that support this disability claim—the Court remands this case for further consideration.

**II.    Procedural history**

This case's procedural history has more layers than most Social Security appeals. In 2002, Byers applied for disability insurance benefits and supplemental security income, alleging disability since November 5, 2001, because of leg, knee, chest, and arm pain; gastroesophageal reflux disease; migraine headaches; depression; and anxiety. [Tr. 65, 69.] The Social Security Administration denied Byers's application initially and on reconsideration. [Tr. 65.] Administrative Law Judge Albert J. Velasquez held a hearing on April 3, 2006, and denied Byers benefits in a decision dated August 22, 2006. [*Id.*] The Appeals Council vacated that decision and remanded for reconsideration. [*Id.*] Specifically, the Appeals Council requested that the ALJ obtain updated medical evidence and evaluate all the evidence in accordance with

regulations and Social Security rulings. [Tr. at 65–66.] Meanwhile, Byers filed additional applications alleging disability which were also denied initially and on reconsideration. [Tr. at 378–80, 382–85, 387–90, 407–09.] The ALJ held a second hearing on July 15, 2008, and issued a partially favorable decision on December 18, 2008, concluding that Byers was not disabled before August 6, 2007, but became disabled on that date because she attained 55 years of age. [Tr. at 60–77.]

As to the period before August 6, 2007, the ALJ determined at step one that Byers had not engaged in substantial gainful activity since her alleged onset date. At step two, the ALJ found that Byers had several severe impairments (osteoarthritis, obesity, migraine headaches, and major depression). At step three, the ALJ found that none of her impairments alone or in combination met or medically equaled a listed impairment. At step four, the ALJ found that Byers had the residual functional capacity to perform light work with a variety of restrictions. At step five, the ALJ found that there were a significant number of jobs in the national economy that Byers could have performed before she entered the "advanced age" category upon turning 55. Byers seeks judicial review of the ALJ's decision. Byers and the Commissioner have fully briefed the issues, and appeared by counsel for oral argument on January 21, 2011. The Court took the matter under advisement.

**III. Discussion**

Byers challenges the ALJ's determination that she was not disabled before her December 31, 2006, date last insured. As discussed at oral argument, Byers raised a number of arguments, but only two are worthy of consideration: (1) whether the ALJ should have summoned a medical advisor, and (2) whether substantial evidence supports the ALJ's decision.

A. *Whether the ALJ should have summoned a medical advisor*

The ALJ did not summon a medical advisor to testify about equivalency at either hearing. Byers argues that this failure requires reversal and remand of the ALJ's decision. The Commissioner responds that the record contains many medical opinions that Byers's impairments did not meet or equal a listing, including four completed SSA-831 forms. Byers replies that the forms on which the Commissioner relies predate the ALJ's decision by over four years and do not include all her ailments.

Medical expert testimony at the hearing is unnecessary if a medical expert has completed an SSA-831 form. Social Security Ruling 96-6p ("The signature of a State agency medical or psychological consultant on an SSA-831-U5 or SSA-832-U5 or SSA-833-U5 ensures that consideration by a physician (or psychologist) designated by the Commissioner has been given to the question of medical equivalence . . . .") (parentheticals omitted); *Wadsworth v. Astrue*, 2008 WL 2857326, at *7 (S.D. Ind. July 21, 2008) (Hamilton, J.) ("The ALJ need not summon a medical expert to testify at the hearing if a medical expert has signed a disability determination form that addresses whether the alleged impairment equals a listing, for example an SSA-831-U5 form.").

The record contains four SSA-831 forms—one from 2003, two from 2004, and one from 2007. [Tr. at 99, 101, 374, 421.] The explanation attached to the 2007 form indicates that medical records from previous claims were considered, along with recent records from March 2007. [Tr. at 380.] The explanation also acknowledges that Byers's claim is based on leg, knee, and arm pain; migraines; depression; and anxiety. [*Id.*] The 2007 form therefore included Byers's impairments and her most recent medical records. Given established law concerning the

SSA-831 form and the existence of a completed form in the record, the ALJ was not required to summon a medical expert to testify about equivalency.

      B.     *Whether substantial evidence supports the ALJ's decision*

Byers's next argument focuses on whether substantial evidence supports the ALJ's decision, specifically whether the ALJ properly considered all evidence favoring a disability determination. Byers sets out approximately thirty medical records that she argues establish disability but were erroneously overlooked by the ALJ. [Docket No. 24 at 20–27.] The Commissioner does not provide a record-by-record response, but instead argues that Byers's argument should be deemed waived because she "merely summarizes a litany of medical records . . . without providing any analysis or explanation as to why such records were legally significant or how they supported her argument that she met or equaled a listed impairment." [Docket No. 35 at 15.]

As to waiver, a bare listing of evidence not mentioned by the ALJ fails to present an issue for review. *E.g. Johnson v. Astrue*, No. 1:08-cv-1600-JMS-LJM, 2010 WL 1190123, at *6 (S.D. Ind. Mar. 22, 2010); *Reese v. Astrue*, No. 1:07-cv-1663-WTL-JMS, 2009 WL 499601, at *5 (S.D. Ind. Feb. 27, 2009). Although Byers's listing of medical records may not have been the most effective briefing strategy, each listed medical record is accompanied by a description of its contents supportive of a disability determination. These descriptions, coupled with argument earlier in the brief, are minimally sufficient. The Court therefore declines to find waiver.

Of the records Byers lists, the Court is particularly concerned with the ALJ's treatment of the records of Dr. Paul Stricker, Byers's primary care doctor. The ALJ cited a couple of Dr. Stricker's records in determining that Byers has several severe impairments [Tr. at 69]; however,

4

the ALJ did not consider Dr. Stricker's records when determining whether Byers's impairments meet or equal a listing or when determining Byers's residual functional capacity. Many of Dr. Stricker's records are highly relevant to these issues. For example, Dr. Stricker's records state that Byers:

- was "unable to work due to multiple joint pain" [Tr. at 229],
- had been "unable to work the past year" [Tr. at 282],
- had "[l]imitation of range of motion of the low back and walked with some difficulty" [Tr. at 526],
- "had a difficult time getting up out of a chair and difficulty walking. She did have some obvious deformity involving the knees and had tenderness in the low back area" [Tr. at 598], and
- had "obvious deformity of both knees and was tender to palpation and walked with a distinct limp. She also had limitation of range of motion in the low back." [Tr. at 606.]

Dr. Stricker also submitted a "physical capacities evaluation" [Tr. at 609] which was significantly more restrictive that the residual functional capacity determined by the ALJ. These records—from a primary care physician with whom Byers had treated for several years—are significant and would typically receive controlling weight. *Skarbek v. Barnhart*, 390 F.3d 500, 503 (7th Cir. 2004) ("A treating physician's opinion regarding the nature and severity of a medical condition is entitled to controlling weight if supported by the medical findings and consistent with substantial evidence in the record."). The ALJ was permitted to discount Dr. Stricker's opinion, but only after at least articulating some basis for doing so. *Id.; see also Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004) ("Although the ALJ need not discuss every piece of evidence in the record, he must confront the evidence that does not support his conclusion and explain why it was rejected. . . . Further proceedings are necessary so that the ALJ can give full consideration to all of [claimant's] documented impairments in evaluating her

claim."). Because the ALJ did not confront Dr. Stricker's most relevant records, the Court is unable to conclude that they were appropriately considered. This case is therefore remanded so the ALJ can fully consider Byers's medical evidence, and, if necessary, reconsider his prior credibility and residual functional capacity determinations in light of the entire record.[1]

## IV. Conclusion

For these reasons, this case is remanded under sentence four of 42 U.S.C. § 405(g).

Dated: 02/03/2011

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Patrick Harold Mulvany
patrick@mulvanylaw.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov

---

[1] In addition to Dr. Stricker's records, Byers lists other records favorable to her claim that the ALJ did not discuss. By focusing on Dr. Stricker's records in this entry, the Court does not imply that other omitted records did not deserve consideration. On remand, the ALJ should consider all evidence of Byers's conditions, and should fully explain his assessment of the evidence.