UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

BARBARA BYERS,              )
                            )
        Plaintiff,          )
    vs.                     )    NO. 1:09-cv-01579-TAB-JMS
                            )
MICHAEL J. ASTRUE,          )
                            )
        Defendant.          )

**ORDER GRANTING PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES
UNDER THE EQUAL ACCESS TO JUSTICE ACT**

**I.    Introduction**

Before the Court is Plaintiff's application for attorney's fees under the Equal Access to Justice Act. [Docket No. 46.] Plaintiff seeks $7,612.40[1] in attorney's fees for prevailing against the government in this social security disability case. [*Id.*] For the reasons set forth below, Plaintiff's motion is granted in part and Plaintiff's counsel is awarded $6,470.54 in fees.

**II.   Discussion**

*A.    Substantial justification*

EAJA requires the Court to award attorney's fees and costs to parties prevailing against the government unless the Court determines that the government's position was "substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "In order for the Commissioner's position to be substantially justified, it must have reasonable factual and legal bases, and there must exist a reasonable connection between the facts and [his] legal theory." *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006). In evaluating the

---

[1]Plaintiff originally sought $7,947.26 in attorney's fees, but reduced this request slightly by way of his reply brief. [Docket No. 52 at 3.]

1

Commissioner's position, the ALJ's decision is considered part of the Commissioner's pre-litigation conduct. *Id.* The Commissioner also bears the burden of proving substantial justification for his positions both before and during litigation. *Id.*

The Commissioner supports his position by asserting only that the ALJ relied on "multiple state agency physicians as well as the objective medical record." [Docket No. 49 at 5–6.] This general assertion fails to explain how this evidence amounts to a substantial justification, especially in light of the ALJ's failure to consider records from Byers's primary care physician. *See Jones v. Astrue*, No. 1:08-cv-1488-WTL-TAB, 2011 WL 134896, at *1 (S.D. Ind. Mar. 22, 2011) (explaining that unsupported assertions of justification are insufficient to meet the Commissioner's burden).

In *Huber v. Astrue*, 395 F. App'x 299, 302–03 (7th Cir. 2010), the Commissioner's position was not substantially justified because the ALJ failed to mention, address, or adequately account for the "most directly relevant report" from plaintiff's physician. The Commissioner argued that the ALJ's error was merely one of articulation, but the court disagreed. *Id.* at 303. While the court "recogniz[ed] that the requirement that the ALJ articulate her consideration of the evidence is deliberately flexible, the requirement cannot be stretched to encompass this case, in which the ALJ ruled contrary to and failed to mention the most directly relevant medical report." *Id.* (citations and internal quotation marks omitted).

Similarly, the ALJ's error in this case was not merely an issue of articulation, but a complete failure to consider a highly relevant report from Plaintiff's physician. *Byers v. Astrue*, No. 1:09-cv-01579-TAB-JMS, 2011 WL 470602, at *3 (S.D. Ind. Feb. 2, 2011). Although the Commissioner contends that the ALJ considered agency physicians and the medical record, "[t]he ALJ did not consider Dr. Stricker's records when determining whether Byers's impairments meet

2

or equal a listing or when determining Byers's residual functional capacity." *Id.* These records were "highly relevant to these issues." *Id.* By completely disregarding this highly relevant evidence, the Commissioner could not have formed the factual basis necessary to draw a reasonable connection between the facts and his legal theory. Accordingly, the ALJ's failure to consider Dr. Stricker's records is a sufficient basis to find that the Commissioner was not substantially justified.

  B. *Reasonableness of fees*

The Commissioner also contends that twenty five hours of billable time for drafting Plaintiff's opening and reply brief is unreasonable and excessive because the briefs contain "generic boilerplate language" that provide no analysis of the law.[2] [Docket No. 49 at 10–11.] The Court agrees. As this Court explained in its February 3, 2011, order, Plaintiff's briefs only provide a "bare listing of evidence" and are "minimally sufficient" to avoid waiver. *Byers*, 2011 WL 470602, at *2. This shortcoming should come as no surprise to Plaintiff's counsel.

Several judges in this district have already considered similar arguments by Plaintiff's counsel to be waived due to lack of development. *See Firkins v. Astrue*, No. 1:09-cv-00923-JMS-TAB, 2010 WL 3037257 (S.D. Ind. Aug. 3, 2010); *Williams v. Astrue*, No. 1:08-cv-1353-JMS-TAB, 2010 WL 2673867 (S.D. Ind. June 29, 2010); *Idiaghe v. Astrue*, No. 1:08-cv-1354-WTL-DML, 2010 WL 1190326 (S.D. Ind. Mar. 23, 2010); *Poston v. Astrue*, No. 1:08-cv-1543-JMS-LJM, 2010 WL 987734 (S.D. Ind. Mar. 15, 2010). *Firkins* "strongly encourage[d] counsel to pay

---

[2]The Commissioner also claims Plaintiff's counsel improperly requests compensation for work billed in association with two motions for enlargement of time. [Docket No. 49 at 11]. This issue is now moot. In Plaintiff's reply brief, counsel "agrees to reduce the number of hours charged by 1.875 hours and thus reduce the requested fee by $334.86, to $7,612.40." [Docket No. 53 at 3.]

close attention to the application of the law to the facts in subsequent briefs . . . ." *Firkins*, 2010 WL 3037257, at *4 n.7. On February 25, 2010, Judge Magnus-Stinson reduced Plaintiff's counsel's fee award by thirty percent due to poor briefing and "needlessly complicat[ing] the Court's review of this matter—unfairly delaying the Court's consideration of other parties' cases." *Smith v. Astrue*, No. 1:09-cv-255-JMS-LJM, 2010 WL 724622, at *1 (S.D. Ind. Fed. 25, 2010).

While a thirty percent reduction is arguably excessive here given the record in this case, the thirty percent reduction provides a helpful point of reference from which to conclude a fifteen percent reduction is appropriate. Plaintiff's counsel's request for fees is therefore reduced by fifteen percent and he is awarded $6,470.54.

  C.  *Paying fees directly to the client*

The Commissioner further argues that this Court should not order EAJA fees to be paid directly to Plaintiff's counsel. [Docket No. 49 at 12.] The applicable statute, 28 U.S.C. § 2412(d)(1)(A), provides that courts "shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action." The Commissioner relies on *Astrue v. Ratliff*, 130 S. Ct. 2521, 2524 (2010) to support the proposition that fees should be paid directly to the client. [Docket No. 49 at 12.]

"[T]his is an oversimplification of the *Ratliff* holding, which was that the United States was entitled to offset any obligation owed by the claimant to the government against an otherwise payable EAJA award." *Holofchak v. Astrue*, No. 09-C-5204, 2011 WL 662735, at *1 (N.D. Ill. Feb. 14, 2011). In short, *Ratliff*'s holding is limited to a client in debt to the government. *Ratliff*, 130 S. Ct. at 2529; *Hall v. Astrue*, No. 1:09-cv-0783-DML-LJM, 2010 WL 5341879, at * 4 (S.D. Ind. Dec. 20, 2010). Thus, an EAJA fee award should be made directly to the "attorney when the

prevailing party client does not owe a debt to the government and has assigned the fee award to counsel." *Hall*, 2010 WL 5341879, at *4 (citing *Ratliff*, 130 S. Ct. at 2529). Since no debt is alleged in this case, the fees shall be paid directly to Plaintiff's counsel.

### III. Conclusion

Plaintiff's motion for attorney's fees under EAJA [Docket No. 46] is granted in part, and Plaintiff's counsel is awarded $6,470.54 in fees.

Dated: 06/22/2011

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Patrick Harold Mulvany
patrick@mulvanylaw.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov